UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARLINA SUMO, individually and on behalf of all those similarly situated, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | 28 U.S.C. §§ 1332, 1441, 1446 |
| PSL ASSOCIATES, LLC, a Foreign Limited Liability Company | |
| Defendant. | |

**TO:**          **Clerk of the Court;**

**AND TO:**     **Garlina Sumo, Plaintiff;**

**AND TO:**     **James B. Pizl and Matthew R. Heyert, ENTENTE LAW PLLC, Plaintiff's attorneys of record:**

PLEASE TAKE NOTICE that Defendant PSL ASSOCIATES, LLC ("PSL" or "Defendant"), by this Notice, now effects the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of Pierce to the United States District Court for the Western District of Washington at Tacoma. This removal is based upon the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under 28 U.S.C. § 1446. Written notice of the filing of this Notice of Removal is being filed with the Clerk

NOTICE OF REMOVAL TO
FEDERAL COURT

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

4908-2559-8787

of the Superior Court for the State of Washington, in and for the County of Pierce, and shall be served upon all parties with a copy of this Notice pursuant to 28 U.S.C. § 1446(d).

In support of its Notice or Removal, Defendant provides the following information:

## I.    PLEADINGS

1.      On April 15, 2025, Plaintiff initiated the instant matter by filing a copy of the Summons and "Class Action Complaint for Damages" ("Complaint") with the Superior Court of the State of Washington in and for the County of Pierce. The Complaint sets forth four causes of action: (1) alleged Failure to Provide Meal Periods under RCW 49.12, WAC 296-126-092, (2) alleged Failure to Provide Rest Periods under RCW 49.12, WAC 296-126-092, (3) alleged Failure to Pay Overtime Wages in violation of the Washington Minimum Wage Act, and (4) alleged Willful Withholding of Wages in violation of the Washington Wage Rebate Act.

2.      The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint is attached as **Exhibit A**

3.      A true and correct copy of the Summons is attached as **Exhibit B**. A true and correct copy of the Case Information Cover Sheet is attached as **Exhibit C**. A true and correct copy of the Order Setting Case Schedule is attached as **Exhibit D**.

4.      Plaintiff effected service of the Summons and the Complaint on Defendant PSL Associates, LLC. on April 17, 2025 through PSL's registered agent for service of process in the State of Washington, Corporation Service Company. A true and correct copy of the Declaration of Service on PSL is attached as **Exhibit E**.  Attached as **Exhibit F** is a true and correct copy of the Confirmation of Service.

5.      PSL appeared through its counsel in the action in Pierce County Superior Court on May 7, 2025. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Exhibit G**.

NOTICE OF REMOVAL TO
FEDERAL COURT - 2 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

6.      By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendant has received in the state court proceeding, Pierce County Superior Court Case No. 25-2-07832-4.

7.      PSL is the only named Defendant, is represented by the undersigned counsel, and consents to removal.

## II.    <u>VENUE AND INTRA-DISTRICT ASSIGNMENT</u>

8.      Venue is proper (for purposes of removal) in the Western District of Washington at Tacoma. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Tacoma because Plaintiff initiated the lawsuit in Pierce County. *See* Western District of Washington Local Civil Rule 3(e)(1).

## III.    <u>TIMELINESS OF REMOVAL</u>

9.      The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

10.      As stated above, on April 17, 2025, Plaintiff effected service of the Summons and Complaint to PSL's registered agent. PSL filed this Notice of Removal within 30 days of commencement of the action in state court and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

## IV.    <u>CAFA JURISDICTION</u>

11.      This Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

12.     <u>Class Action Filed under State Law</u>. Plaintiff initiated a civil action in Pierce County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint at ¶¶ 4.1., 6.1. – 10.3.

13.     <u>Putative Class Size</u>. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In her Complaint, Plaintiff defines the class as follows: "All individuals who are or were employed by PSL Associates, LLC in Washington state in positions paid on an hourly basis from three years prior to the of [sic] filing of this complaint, and thereafter." Complaint at ¶ 4.1. There were at least 1,500 non-exempt individuals who were employed by PSL in Washington State during the relevant time period (April 15, 2022[1] – present). Declaration of Katheryn Pigott ("Pigott Decl."), at ¶ 4. Thus, the alleged class exceeds 100 individuals as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

14.     <u>Minimum Diversity</u>. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

15.     <u>Citizenship of Plaintiff</u>.  For diversity purposes, an individual is a "citizen" of the

---

[1] Plaintiff filed her Complaint April 15, 2025; as such, PSL calculated the relevant time period to start three years preceding the filing of the Complaint. RCW 4.16.080; *Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 991 P.2d 1126, 1133 (Wash. 2000).

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges in the Complaint that she is a resident of Puyallup, which is in Pierce County, Washington. Complaint at ¶ 3.3. Plaintiff's own representations establish her domicile in Washington State. Moreover, according to Defendant's records, Plaintiff worked for Defendant in Pierce County, Washington, and was also domiciled in Pierce County throughout her employment with Defendant. (Pigott Decl., ¶ 6.)

16.    Citizenship of Defendant. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C.§ 1332(d)(10); *see Davis v. HSBC Bank Nev.*, N.A., 557 F.3d 1026, 1028 (9th Cir.2009) (holding that LLCs and LPs are unincorporated associations for the purposes of CAFA); *see Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (stating that CAFA "departs from the rule…that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members." (citations and internal quotations omitted)). At the time this action was commenced, and at the time of removal, Defendant PSL Associates, LLC was not, and is not, a citizen of the State of Washington. PSL is a Delaware limited liability company which has its principal place of business in Grapevine, Texas. Pigott Decl., at ¶ 3. Thus, it is a citizen of these two states – not Washington.

17.    Accordingly, minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18.    Amount in Controversy. For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## V.     AMOUNT IN CONTROVERSY

19.     The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Complaint does not state a specific amount of damages. *See* Complaint at Part XI. A defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007) (where the complaint does not state the amount of damages claimed, the removing defendant may establish the amount in controversy for CAFA jurisdiction by a preponderance of the evidence). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commcns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").[2]

20.     Putative Employee Class. Plaintiff seeks damages on behalf of a putative class of "All individuals who are or were employed by PSL Associates, LLC in Washington State in positions paid on an hourly basis from three years prior to the of [sic] filing this complaint, and

---

[2] PSL denies that this action is appropriate to be certified or maintained as a class action, denies the substance of Plaintiff's claims, and denies that Defendant committed any illegal acts or practices that would entitle Plaintiff, or the putative class she seeks to represent, to recover any damages.

NOTICE OF REMOVAL TO
FEDERAL COURT - 6 -

4908-2559-8787

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

thereafter." Complaint at ¶ 4.1. Plaintiff alleges a widespread and systematic pattern of violations in that Defendant created and maintained work schedules, job requirements, and a working environment that discouraged Plaintiff and members of the putative class from taking meal and rest periods in compliance with Washington law. *See* Complaint at ¶¶ 5.2., 5.8., 7.5., and 8.5.

21.     PSL disputes that class certification is appropriate for any group and disputes that Plaintiff and putative class members are entitled to any damages. For purposes of removal only, based on a preliminary review of PSL's records, the putative class of approximately 1,500 non-exempt employees worked approximately 55,403 workweeks between April 15, 2022 to May 19, 2025. Pigott Decl., at ¶ 5.

22.     **Meal Period Claims (First Cause of Action).** Plaintiff alleges that she and putative class members were not provided with meal breaks and were not paid for missed meal breaks. Complaint at ¶¶ 7.1.–7.7. Using an estimate of 1.5 noncompliant meal periods per workweek[3] and applying the putative class members' average rate of pay of $19.26/hour, the amount in controversy for the missed meal period claim totals **$800,296.34** (55,403 workweeks * 0.75 hours per workweek * $19.26/hour).

23.     **Rest Period Claims (Second Cause of Action).** Plaintiff alleges that she and putative class members were not provided with compliant rest periods and were not paid for noncompliant rest periods. Complaint ¶¶ 8.1.–8.7. Using an estimate of 3 noncompliant rest periods per workweek and applying the putative class member's average rate of pay of $19.26/hour, the amount in controversy for the missed rest period claim totals **$533,530.89** (55,403 workweeks * 0.5 hours per workweek * $19.26/hour).

24.     **Overtime Wages Claim (Third Cause of Action).** Plaintiff also alleges that she and the putative class members engaged in work in excess of 40 hours per week for which they

---

[3] Plaintiff's Complaint does not allege a specific violation rate. For the purposes of this removal, PSL calculated the amount in controversy with an assumed 30% violation rate.

NOTICE OF REMOVAL TO
FEDERAL COURT - 7 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

are entitled to recover pay at one-and-one-half times their hourly rate of compensation, inclusive of additional time to compensate for meal and rest periods allegedly not provided in compliance with Washington law. Complaint at ¶ 9.2. Using an estimate of 1.25 hours missed unpaid overtime premiums per workweek and applying the putative class member's average rate of pay of $19.26/hour, the amount in controversy for the unpaid overtime wage claim totals **$666,913.61** (55,403 workweeks * 1.25 hours per workweek * $19.26/hour * 0.5 overtime premium).

25.    **Willful Withholding of Wages (Fourth Cause of Action).** Plaintiff also seeks double damages under RCW 49.52.050 and 49.52.070 for Defendant's alleged willful act to deprive Plaintiff and the putative class of regular and/or overtime wages. Complaint at ¶ 10.2. This claim is derivative of the other claims. The amount in controversy calculated for the alleged unpaid meal periods (First Cause of Action) is $800,296.34. The amount in controversy calculated for the alleged unpaid rest periods (Second Cause of Action) is $533,530.89. The amount in controversy calculated for the alleged unpaid overtime (Third Cause of Action) is $666,913.61. Thus, the amount in controversy for the double damages claim is **$2,000,740.84**.

26.    In other words, the amount in controversy calculated for the wage and hour claims in Plaintiff's Complaint that can be estimated is at least $800,296.34 (First Cause of Action) + $533,530.89 (Second Cause of Action) + $666,913.61 (Third Cause of Action) + $2,000,740.84 (Fourth Cause of Action) = **$4,001,481.68**.

27.    <u>Attorney's Fees.</u> Plaintiff also seeks attorney's fees and costs. Complaint at XI. E and F. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). A reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are

NOTICE OF REMOVAL TO
FEDERAL COURT - 8 -

4908-2559-8787

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927–28 (9th Cir. 2019) (reaffirming *Fritsch*).

28.     In class cases, courts in the Ninth Circuit may employ a 25% "benchmark" in calculating awardable fees. *See Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *5, 7 (W.D. Wash. Aug. 2, 2022)*, adopted by* 2022 WL 4448546 (W.D. Wash. Sept. 23, 2022) (denying remand and applying 25% benchmark to damages estimate in class action yielding approximately $1 million in estimated fees) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("'This circuit has established 25% of the common fund as a benchmark award for attorney fees.'")); *Levy v. Salcor, Inc.*, No. C14-5022 BHS, 2014 WL 775443, at *5 (W.D. Wash. Feb. 25, 2014) (applying 25% benchmark to damages estimate yielding $1,125,000 estimated in fees) (citing *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1337–38 (E.D. Cal. 2015) (denying remand as "[n]o two cases are ever perfectly alike. The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one. Even from plaintiff's lower calculation of statutory damages ($4,064,800), this equates to a fee of approximately $1,016,200. The total amount in controversy thus exceeds $5 million."). Thus here, the attorneys' fees at issue for a putative class action could exceed approximately **$1,000,370.42** (25% of the aggregate amount in controversy calculated in Paragraph 26, *supra*).

29.     Accordingly, when adding the potential damages and future attorney's fees for the putative class claims, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

## VI.     <u>NOTICE TO PLAINTIFF AND STATE COURT</u>

30.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a

NOTICE OF REMOVAL TO
FEDERAL COURT - 9 -

4908-2559-8787

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the Pierce County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

## VII.    **RESERVATION OF RIGHTS**

31.    In the event this Court should be inclined to remand this action, PSL requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

32.    Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to Defendant's position that Plaintiff is subject to a mandatory arbitration agreement, a class waiver, and jury trial waiver, any defenses stated in Federal Rule of Civil Procedure 12(b), any defenses to class certification, any defenses on the merits, and any defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendant PSL Associates, LLC respectfully requests that this action now pending in the Pierce County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Tacoma.

/ /

/ /

NOTICE OF REMOVAL TO
FEDERAL COURT - 10 -

4908-2559-8787

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

1

2    Dated: May 19, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*/s/ Breanne Sheetz Martell*
Breanne Sheetz Martell, WSBA # 39632
bsmartell@littler.com

*/s/ Brian Rho*
Brian Rho, WSBA #51209
brho@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
Telephone:     206.623.3300
Facsimile:     206.447.6965


Attorneys for Defendant
PSL ASSOCIATES, LLC

NOTICE OF REMOVAL TO
FEDERAL COURT - 11 -

4908-2559-8787

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On May 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

| **Attorneys for Plaintiff** | |
|---|---|
| James B. Pizl, WSBA #28969<br>Matthew R. Heyert, WSBA #43051<br>ENTENTE LAW PLLC<br>315 Thirty-Ninth Ave SW, Ste. 14<br>Puyallup, WA 98373-3690<br>Ph: (253) 446-7668<br>Email: jim@ententelaw.com<br>          mheyert@ententelaw.com | |

I certify under the penalty of perjury under the laws of the State of Washington and the United States that the above is true and correct.

Executed on May 19, 2025, at Seattle, Washington.

/s/ Katie Strobel
Katie Strobel, Attorney Practice Coordinator
kstrobel@littler.com
**LITTLER MENDELSON, P.C.**

NOTICE OF REMOVAL TO
FEDERAL COURT - 12 -

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300